UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

RICHARD ANDRUS, )
        Plaintiff, )
v. )   C.A. No.
CITY OF WILMINGTON; CITY OF )
WILMINGTON POLICE DEPARTMENT; )
CORPORAL HENRY CANNON, individually, and )
As agent of the CITY OF WILMINGTON )
POLICE DEPARTMENT; OFFICER CPL CHIRS )
CONNELLY, individually, and as agent of the )
CITY OF WILMINGTON POLICE )
DEPARTMENT; OFFICER MARTY STORY, )
individually, and as agent of the )
CITY OF WILMINGTON POLICE )
DEPARTMENT, OFFICER STEPHEN BROCK, )
Individually and as agent of the CITY OF )
WILMINGTON POLICE DEPARTMENT, )
and OFFICER JEFFREY GLENN, individually )
and as agent of the CITY OF WILMINGTON )
POLICE DEPARTMENT )
        Defendants. )   JURY TRIAL DEMANDED

## COMPLAINT

NOW COME the Plaintiff, Richard Andrus, by and through his attorney, Michael W. Modica, and complains of the Defendants, City of Wilmington; City of Wilmington Police Department; Officer Cpl. Henry Cannon, individually and as agent of the City of Wilmington Police Department Officer Cpl. Chris Connelly, individually and as agent of the City of Wilmington Police Department; Officer Marty Story, individually and as agent of the City of Wilmington Police Department; Officer Stephen Brock, individually and as agent for the City of Wilmington Police Department, and Officer Jeffrey Glenn, individually and as agent for the City of Wilmington Police Department as follows:

1. The claims set forth herein arise and are instituted pursuant to 42 U.S.C. §1983 to redress the deprivation by the defendants, acting under color of state law, of rights, privileges and immunities secured to the plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

2. Plaintiff, Richard Andrus, is an adult citizen of the United States of America and a resident of the State of Delaware.

3. Defendant, City of Wilmington is, and at all relevant times was, a municipal corporation, organized and existing under the laws of the State of Delaware and is engaged in the operation of a law enforcement agency known as the City of Wilmington Police Department. Defendant City of Wilmington, by and through the City of Wilmington Police Department, is under a duty to run its policing activities in a lawful manner so as to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of Delaware.

4. Cpl. Henry Cannon is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Cpl. Henry Cannon was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

5. Cpl Chris Connelly is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Cpl. Chris Connelly was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the

City of Wilmington.

6. Officer Marty Story is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Officer Marty Story was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

7. Officer Stephen Brock is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Officer Stephen Brock was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

8. Officer Jeffrey Glenn is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Officer Jeffrey Glenn was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

**JURISDICTION AND VENUE**

9. This is an action brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 and 28 U.S.C. §1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, and §1393 in that all Defendants are residents of this district and all acts or omissions which give rise to this

cause of action occurred in this District.

## FACTS

11. At all times relevant hereto, Richard Andrus was diagnosed with and suffered from schizo-affective disorder and other mental illnesses and has received psychiatric treatment related to his mental illness from Connections located at 500 West 10th Street, Wilmington, DE 19802. Connections is an out-patient mental health facility.

12. Due to his mental illness, Richard Andrus has required constant mental health treatment and medication.

13. On August 8, 2005 Audrey Andrus brought Richard Andrus to Connections for treatment. The staff at Connections determined that Richard Andrus needed to be transferred to the Delaware State Hospital for further in-patient treatment. The medical staff at Connections executed Civil Commitment paperwork to have Andrus admitted to the Delaware State Hospital for treatment.

14. In order to transfer Mr. Andrus from Connections to the Delaware State Hospital, the Connections' staff followed its protocol and contacted the City of Wilmington Police Department to assist in the transfer.

15. In response to the transfer request from Connections, Officers Connelly and Story of the Wilmington Police Department arrived at Connections to escort Richard Andrus to the Delaware State Hospital.

16. Richard Andrus expressed that he did not want to go to the Delaware State Hospital and refused to leave his vehicle.

17. Officers Connelly and Story unsuccessfully attempted to physically extricate Andrus from the vehicle.

18. The officers then called for backup to assist in the transfer.

19. Shortly thereafter Officers Cannon, Brock, and Glenn arrived at Connections to assist with the transfer of Andrus.

20. The officers made several unsuccessful attempts to physically remove Andrus from his vehicle, including spraying him with pepper spray in the face, and kicking and punching him.

21. When Andrus continued to refuse to leave the vehicle Officer Connelly physically assaulted Andrus, including striking Andrus in the head with an asp baton. At the same time, the other defendants assaulted Andrus by striking him about his head and body.

22. Eventually, the officers physically removed Andrus from the car, proceeded to strike him about his face and body, contorted his arms in a painful position during the course of placing handcuffs, and placed him on the ground with excessive and unnecessary force, all of which caused Plaintiff to suffer painful injuries.

23. The City of Wilmington police officers named above used grossly excessive and unnecessary force in placing a fragile, mentally ill Richard Andrus in custody and transferring him from Connections to the Delaware State Hospital. All defendants herein named engaged in applying excessive and unnecessary force against the Plaintiff, or assisted other officers in applying unnecessary force, or ratified the use of unnecessary force by their inaction in stopping its use against Andrus.

24. As a result of the willful, wanton and malicious assault and battery, all of which was excessive and unnecessary at the hands of the City of Wilmington police officers, Mr. Andrus sustained serious and painful physical injury including, but not limited to, a fracture in the right superior facet of C-6 of his cervical spine, concussion, scalp laceration, head and

face contusions.

25. Mr. Anderson's beating at the hands of the Wilmington police officers also exacerbated his pre-existing mental illness.

## COUNT I: 42 U.S.C. §1983 USE OF EXCESSIVE FORCE (OFFICER JOHN DOE #1 AND OFFICER JOHN DOE #2)

26. Plaintiff realleges and incorporates paragraphs one through 25 above as fully set forth herein.

27. Defendants Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn intentionally, or with deliberate indifference and callous disregard of Plaintiff's constitutional rights, used unreasonable and excessive force under the color of state law during the arrest and/or detention of the Plaintiff in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 USC §1983. Plaintiff specifically alleges that there was an unreasonable detention and/or seizure of his person, and illegal and unconstitutional use of excessive force and also a deprivation of liberty without due process, all in violation of 42 USC §1983 and the constitutional provisions set forth herein. Defendants' willful and malicious violation of Plaintiff's constitutional rights was the direct and proximate cause of Plaintiff's injuries and damages as set forth herein.

WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

## COUNT II

28. Plaintiff realleges paragraphs 1 through 27 and hereby incorporate them as though fully set forth herein.

29. Defendant Henry Cannon, Marty Story, Stephen Brock, and Jeffrey Glenn unlawfully,

intentionally, recklessly and with malicious intent, assaulted Plaintiff in an attempt to do violence to Plaintiff. Defendant unlawfully committed such violence by intentionally and maliciously assaulting the Plaintiff proximately causing the physical injuries referenced to herein.

WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

## COUNT III

30. Plaintiff realleges paragraphs 1 through 29 and hereby incorporates them as though fully set forth herein.

31. Defendants acts were grossly negligent, willful, and/or, wanton proximately causing plaintiff's injuries in the following respects:

    a) Using force against a mental patient, including punching, kicking, spraying with pepper spray and striking with an asp baton represents an extreme and outrageous departure from the ordinary standard of care.

    b) Using force against a mental patient reflects a conscious indifference to the safety of the Plaintiff.

    c) Detaining/arresting the Plaintiff who had not committed a criminal offense and for whom there was no probable cause.

32. As a direct and proximate result of Defendants' willful and/or wanton conduct, Plaintiff has suffered the injuries and damages as set forth herein.

WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages

all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

### COUNT IV: 42 U.S.C. §1983 (CITY OF WILMINGTON AND CITY OF WILMINGTON POLICE DEPARTMENT)

33. Plaintiff realleges the foregoing paragraphs and 1 through 32 as fully set forth herein.

34. Defendant City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers violating the federal constitutional rights of the public at large, including plaintiffs.

35. Defendants City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, had in place at the time of the incident one or more of the following policies, practices or customs, which was a proximate cause of plaintiff's injuries:

   a) A failure to adequately trained and educate their officers in the proper procedures to employ when interacting with citizens;

   b) The failure to adequately train and educate their officers and the proper procedures to employ when interacting with mentally ill citizens;

   c) The failure to adequately train and educate their officers in the proper use of force the citizens;

   d) A failure to adequately train and educate their officers and the proper use of force to subdue mentally ill citizens;

   e) A failure to adequately train and educate their officers as to how to respond when a fellow officer uses unjustifiable excessive force on a mentally ill citizens;

   f) A failure to discipline their officers with respect to violations of the laws of the State of Delaware, the Constitution of the United States, interim policies regarding the use of force; and

      g) A failure to adequately investigate citizens complaints, officer misconduct, in compliance with policy, creating an atmosphere where officers routinely violate policy and violate constitutional rights of the public at large, including plaintiffs.

36. Defendant City of Wilmington and City of Wilmington Police Department, in engaging in and/or tolerating one or more of the foregoing policies, practices or customs, acted with deliberate indifference to, and in reckless disregard of the welfare and rights of the public at large, including plaintiffs.

37. The foregoing to actions of defendants Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn were directly and proximately caused by the aforementioned policies, practices and customs of the defendants city of Wilmington and city of Wilmington Police Department.

38. The conduct of defendant City of Wilmington and City of Wilmington Police Department was reckless, willful, wanton, oppressive and grossly negligent, entitling plaintiffs to punitive damages.

39. As a direct and proximate result of the said conduct of defendant City of Wilmington and City of Wilmington Police Department, plaintiff Richard Andrus has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

40. As a direct and proximate result of said conduct of defendants City of Wilmington and City of Wilmington Police Department, plaintiff Alice Walker has been injured in has suffered a loss of Richard Andrus' society, companionship and affection.

## DAMAGES

41. Plaintiff realleges paragraphs one through 40 as though fully set forth herein.

42. The direct and proximate result of the aforementioned acts and/or omissions of the defendants, plaintiffs were injured. The damages for which plaintiffs seek compensation from defendants, the jointly and severally, including, but are not limited to, the following:

   a) The physical mental and emotional pain of Richard Andrus the past and future;

   b) Medical expenses incurred and to be incurred in the future;

   c) Pre and post-judgment interest;

   d) Statutory and discretionary costs;

   e) Punitive damages;

   f) Attorney's fees;

   g) All other relief this court deems just and proper.


WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

_____
MICHAEL W. MODICA, Esquire
Bar ID No. 2169
715 King Street, Suite 300
P.O. Box 437
Wilmington, DE 19899
(302) 425-3600
Attorney for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Richard Andrus

**DEFENDANTS** City of Wilmington, et al.

**(b)** County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael Modica  302-425-3600
715 King St.
Wilm. Del. 19801

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. § 1983
Brief description of cause: Police - Excessive Force

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/6/07
SIGNATURE OF ATTORNEY OF RECORD: Michael Modica

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-486

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____7____ COPIES OF AO FORM 85.

____AUG 0 7 2007____          ____Tanya Sellers____
(Date forms issued)            (Signature of Party or their Representative)

                               ____Tanya Sellers____
                               (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action