IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD ANDRUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-486*** |
| | : | |
| CITY OF WILMINGTON; CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT; | : | |
| CORPORAL HENRY CANNON; | : | |
| OFFICER CPL. CHRIS CONNELLY; | : | |
| OFFICER MARTY STORY; | : | |
| OFFICER STEPHEN BROCK; and | : | |
| OFFICER JEFFREY GLENN, | : | |
| | : | |
| Defendants. | : | |

## ANSWER TO THE COMPLAINT

1.  Denied that Defendants deprived Plaintiff of any rights, privileges or immunities secured by the United States Constitution. The remaining allegations set forth in this paragraph state a legal conclusion to which no response is required.

## PARTIES

2.  Admitted that Plaintiff Richard Andrus is an adult. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

3.  Admitted.

4.  Admitted that Cpl. Henry Cannon is a member of the City of Wilmington Police Department and an adult citizen of the United States. Denied that Cpl. Henry Cannon is a resident of the State of Delaware. The remaining allegations set forth in this paragraph state legal conclusions to which no response is required.

5.  Admitted that Cpl. Chris Connelly is a member of the City of Wilmington Police

Department, an adult citizen of the United States and a resident of the State of Delaware. The remaining allegations set forth in this paragraph state legal conclusions to which no response is required.

6. Admitted that Marty Story is an adult citizen of the United States and a resident of the State of Delaware and that he was a member of the City of Wilmington Police Department at the time of the incident that is the subject of this lawsuit. Denied that Defendant Story is presently a member of the Wilmington Police Department. The remaining allegations set forth in this paragraph state legal conclusions to which no response is required.

7. Admitted that Officer Stephen Brock is a member of the City of Wilmington Police Department, an adult citizen of the United States and a resident of the State of Delaware. The remaining allegations set forth in this paragraph state legal conclusions to which no response is required.

8. Denied. No person by the name of Jeffrey Glenn was involved in the incident giving rise to this lawsuit or was employed by the Wilmington Police Department at any relevant time.

## JURISDICTION AND VENUE

9. The allegations set forth in this paragraph state legal conclusions to which no response is required.

10. The allegations set forth in this paragraph state legal conclusions to which no response is required.

## FACTS

11. Admitted that Connections is a mental health facility located at 500 West 10th Street, Wilmington, DE 19802. It is further admitted upon information and belief that Plaintiff

was mentally ill at all times relevant hereto. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13. Admitted.

14. Admitted, except that Defendants lack knowledge or information regarding Connections' protocol and whether such protocol was followed.

15. Admitted.

16. Admitted.

17. Admitted. However, they did so only after Plaintiff refused their repeated verbal requests for him to exit the vehicle so he could be taken to the Delaware State Hospital.

18. Admitted.

19. Denied that anyone by the name of Jeffrey Glenn was involved in the incident giving rise to this lawsuit or was employed by the Wilmington Police Department at any relevant time. Defendants admit the remaining allegations set forth in this paragraph.

20. Admitted that the officers made several unsuccessful attempts to physically remove Andrus from his vehicle. Admitted that Plaintiff was sprayed with pepper spray, but only after he refused to exit the vehicle and kicked, thrashed his arms at and attempted to bite the officers. Admitted that Defendant Cannon kicked Plaintiff in an effort to break Plaintiff's grasp on Defendant Connelly's handgun, but only after Plaintiff had placed Defendants in fear of imminent physical danger or death by grabbing Defendant Connelly's handgun as he was resisting the officers. Defendants deny the remaining allegations set forth in this paragraph.

21. Denied as stated. Defendants admit that, in an effort to break Plaintiff's grasp on Corporal Connelly's handgun, Defendant Cannon kicked Plaintiff and Defendant Connelly struck Plaintiff on the right side of his head with an asp baton. However, these actions were taken only after Plaintiff had placed Defendants in fear of imminent physical danger or death by grabbing Defendant Connelly's handgun as he was resisting the officers.

22. Admitted that the officers eventually physically removed Plaintiff from the car and that he was placed on the ground and handcuffed. Defendants further admit that a reasonable and necessary amount of force was used to place Plaintiff in handcuffs, as Plaintiff was resisting Defendants' efforts to handcuff him and was kicking and attempting to escape after being removed from the vehicle. Defendants deny the remaining allegations set forth in this paragraph.

23. Denied, except that it is admitted upon information and belief that Richard Andrus was mentally ill at all relevant times.

24. Denied.

25. Denied.

**COUNT I: 42 U.S.C. § 1983 USE OF EXCESSIVE FORCE
(OFFICER JOHN DOE #1 AND OFFICER JOHN DOE #2)**

26. Defendants repeat and re-allege the answers set forth in paragraphs 1-25 above, as though fully set forth herein.

27. Denied.

**COUNT II**

28. Defendants repeat and re-allege the answers set forth in paragraphs 1-27 above, as though fully set forth herein.

29. Denied.

## COUNT III

30. Defendants repeat and re-allege the answers set forth in paragraphs 1-29 above, as though fully set forth herein.

31. Denied.

   (a) - (c) Denied.

32. Denied.

## COUNT IV: 42 U.S.C. § 1983 (CITY OF WILMINGTON AND CITY OF WILMINGTON POLICE DEPARTMENT)

33. Defendants repeat and re-allege the answers set forth in paragraphs 1-32 above, as though fully set forth herein.

34. Denied.

35. Denied.

   (a) - (g) Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied. No person by the name of Alice Walker has been named as a Plaintiff in this action.

## DAMAGES

41. Defendants repeat and re-allege the answers set forth in paragraphs 1-40 above, as though fully set forth herein.

42. Denied.

   (a) - (g) Defendants deny Plaintiff's entitlement to the damages listed in these

sub-paragraphs.

## DEFENSES:

### FIRST DEFENSE

43. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

44. Insufficiency of service of process.

### FIRST AFFIRMATIVE DEFENSE

45. Defendants' actions were supported by probable cause.

### SECOND AFFIRMATIVE DEFENSE

46. 31 Del. C. §§3906 - 3907 authorize police officers to undertake involuntary protective services of infirm adults.

### THIRD AFFIRMATIVE DEFENSE

47. The actions and conduct of Defendants did not rise to the level of a Constitutional or statutory violation, and therefore, Plaintiff did not suffer any infringement of his constitutional rights or rights secured by a federal or state statute.

### FOURTH AFFIRMATIVE DEFENSE

48. The actions and conduct of Defendants were objectively reasonable under the circumstances of which Defendants were aware, and therefore, Defendants are entitled to qualified immunity from all liability.

### FIFTH AFFIRMATIVE DEFENSE

49. The actions and conduct of Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Defendants reasonably should have been aware, thereby entitling Defendants to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

50. Defendants are entitled to immunity pursuant to 10 *Del. C.* §4010 *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff's damages, if any, are limited pursuant to 10 *Del. C.* § 4013.

### EIGHTH AFFIRMATIVE DEFENSE

52. To the extent that Plaintiff may have been injured, Defendants were not the proximate cause of any such injuries.

### NINTH AFFIRMATIVE DEFENSE

53. Punitive damages are not recoverable against Defendants for the claims alleged by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

54. To the extent that Plaintiff's Complaint alleges that the City of Wilmington and/or the City of Wilmington Police Department are liable on a theory of *respondeat superior*, such theory cannot be a basis for liability under 42 *U.S.C.* § 1983.

### ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff cannot show an official policy, practice, procedure or custom sufficient to support a finding of municipal liability under 42 *U.S.C.* § 1983.

### TWELFTH AFFIRMATIVE DEFENSE

56. Plaintiff cannot establish municipal liability under 42 *U.S.C.* § 1983 because he cannot demonstrate deliberate indifference on the part of the City of Wilmington or the City of Wilmington Police Department.

### THIRTEENTH AFFIRMATIVE DEFENSE

57. The Wilmington Police Department is not subject to suit.

### FOURTEENTH AFFIRMATIVE DEFENSE

58. Defendants were authorized and required to take Plaintiff into custody without the necessity of a warrant pursuant to 16 *Del. C.* § 5122, and therefore, Plaintiff's arrest was lawful.

### FIFTEENTH AFFIRMATIVE DEFENSE

59. Defendants are entitled to immunity pursuant to 16 *Del. C.* § 5122(f), as any harm resulting from the performance of the officers' duties under 16 *Del. C.* § 5122 was neither intentional nor the result of willful or wanton misconduct on the part of Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

60. Defendants' use of force against Plaintiff was privileged and justifiable pursuant to 11 *Del. C.* § 464 and other applicable law because Defendants reasonably believed that such force was immediately necessary for the purpose of protecting themselves against the use of unlawful and/or deadly force by the Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

61. Defendants' use of force against Plaintiff was privileged and justifiable pursuant to 11 *Del. C.* § 465 and other applicable law because Defendants reasonably believed that such force was immediately necessary for the purpose of protecting the other Defendants against the use of unlawful and/or deadly force by the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

62. Defendants' use of force against Plaintiff was privileged and justifiable pursuant to 11 *Del. C.* § 467 and other applicable law because Defendants were making a lawful arrest and/or assisting in making a lawful arrest and reasonably believed that such force was immediately necessary to effect the arrest, prevent Plaintiff's escape and protect themselves and the other officers from death or serious physical injury.

**WHEREFORE**, Defendants, City of Wilmington, City of Wilmington Police Department, Corporal Henry Cannon, Corporal Chris Connelly, Officer Marty Story, and Officer Stephen Brock respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, assess costs and reasonable attorney's fees against the Plaintiff, and order such other relief as this Court deems appropriate.

/s/ Andrea J. F. Rhen
Andrea J. F. Rhen, Esquire (DE Bar I.D. #3831)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
E-mail: afaraone@ci.wilmington.de.us

Dated: August 29, 2007                    Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD ANDRUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-486*** |
| | : | |
| CITY OF WILMINGTON; CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT; | : | |
| CORPORAL HENRY CANNON; | : | |
| OFFICER CPL. CHRIS CONNELLY; | : | |
| OFFICER MARTY STORY; | : | |
| OFFICER STEPHEN BROCK; and | : | |
| OFFICER JEFFREY GLENN, | : | |
| | : | |
| Defendants. | : | |

CERTIFICATE OF SERVICE

I, Andrea J. Faraone, Esquire, hereby certify that on this 29th day of August, 2007, I filed the Defendants' Answer to the Complaint with the Clerk of Court using CM/ECF which will send notification of such filing(s) and that this document is available for viewing and downloading from CM/ECF.

        Michael W. Modica, Esquire
        715 King Street, Suite 300
        P.O. Box 437
        Wilmington, DE 19899

        /s/ Andrea J. F. Rhen
        Andrea J. F. Rhen, Esquire (DE Bar I.D. #3831)
        Assistant City Solicitor
        City of Wilmington Law Department
        Louis L. Redding City/County Building
        800 N. French Street, 9th Floor
        Wilmington, DE 19801
        (302) 576-2175
        E-mail: afaraone@ci.wilmington.de.us
        Attorney for Defendants