**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD ANDRUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-486*** |
| | : | |
| CITY OF WILMINGTON; CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT; | : | |
| CORPORAL HENRY CANNON; | : | |
| OFFICER CPL. CHRIS CONNELLY; | : | |
| OFFICER MARTY STORY; | : | |
| OFFICER STEPHEN BROCK; and | : | |
| OFFICER JEFFREY GLENN, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO ENFORCE SUBPOENA DIRECTED TO**
**CONNECTIONS COMMUNITY SUPPORT PROGRAM**

Defendants, by and through their undersigned counsel, respectfully move this Honorable Court, pursuant to *Fed.R.Civ.P.* 45(c)(2)(B) and (e), for an order compelling Connections Community Support Program ("Connections") to produce the documents designated in Defendants' subpoena dated August 4, 2008, and holding Connections in contempt for failing without adequate excuse to fully comply with a duly issued and served subpoena. In support of this Motion, Defendants state as follows:

1.      This case arises from Plaintiff's allegations that five City of Wilmington police officers used excessive force in attempting to transport him from Connections to the Delaware Psychiatric Center on August 8, 2005.

2.      On April 8, 2008, Defendants served a subpoena on Connections (the "Original Subpoena"), requesting copies of "office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other

information concerning Richard L. Andrus (D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus's transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment." *See* Original Subpoena, Ex. "A" hereto.  Defendants also provided Connections with a copy of a medical authorization pursuant to which Mr. Andrus consented to its release of the requested information.  *See* Ex. "B" hereto.  The Original Subpoena was mailed to the Records Custodian of Connections at 500 W. 10th Street, Wilmington, Delaware 19801.

      3.     In late June 2008, Connections produced documents regarding Mr. Andrus's treatment and evaluation at Connections from August 2006 through 2008.  However, no records were produced regarding Mr. Andrus's treatment or evaluation at Connections on August 8, 2005 in particular or during the period prior to August 2006.  This lawsuit arises from an incident that allegedly occurred at Connections on August 8, 2005.  *See* Complaint ¶ 13, Ex. "C" hereto.  In addition, Mr. Andrus indicated in his discovery responses in this action that he has been receiving treatment at Connections for mental health related issues since 2003.  *See* Plaintiff's Response to Defendants' Interrogatory No. 4, Ex. "D" hereto.  Therefore, Defendants have reason to believe that Connections is in possession of documents relating to Mr. Andrus for the period from 2003 to 2006.

      4.     On July 7, 2008, Defendants' counsel sent Connections a letter, informing it of the deficiencies in its response to the Original Subpoena.  That letter requested that Connections produce documents relating to Mr. Andrus's treatment at its facility during the period from 2003 to 2006 or provide written confirmation that it no longer has any such documents in its possession, custody or control.  *See* 7/7/08 Letter to Connections, Ex. "E" hereto.

      5.     Connections never responded to the July 7, 2008 letter from Defendants' counsel.  Nor did it ever raise any objections to or move to limit the scope of the Original Subpoena.

6.    On August 4, 2008, Defendants re-issued the subpoena and had it served upon the records custodian of Connections by a process server, in accordance with Rule 45(b) (the "Reissued Subpoena").  *See* Reissued Subpoena, Ex. "F" hereto; and Proof of Service of Reissued Subpoena, Ex. "G" hereto).  Connections' response to the Reissued Subpoena was due on August 18, 2008.  On August 4, 2008, Defendants' counsel also sent Connections a letter, once again informing it of the deficiencies in its response to the Original Subpoena.  That letter further informed Connections that Defendants were re-issuing the subpoena and having it served by a process server to ensure that Connections had received it.  The letter also advised Connections that, if it failed to produce the requested information relating to the period from 2003 through 2006 by August 18, 2008, Defendants would file a motion to enforce the Re-issued Subpoena and for contempt with the United States District Court for the District of Delaware.  *See* 8/4/08 letter, Ex. "H" hereto.

7.    The August 18, 2008 deadline has passed, and Connections has failed to produce the requested information relating to the period from 2003 through 2006.  Connections has not raised any objections to either the Original Subpoena or the Re-issued Subpoena pursuant to *Fed.R.Civ.P.* 45(c)(2)(B).  Nor has it moved to quash or modify either subpoena pursuant to Rule 45(c)(3).

8.    Pursuant to Rule 45(e), "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. . . ."  As Connections has failed without adequate excuse to fully comply with the Re-issued Subpoena, which was duly issued and served, Defendants respectfully move this Honorable Court to compel Connections to produce all of the documents requested in that subpoena relating to the period from January 1, 2003 through December 31, 2006, hold Connections in contempt, and impose any other sanctions necessary to penalize Connections' failure to fully comply with that subpoena.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Enforce Subpoena Directed to Connections Community Support Program.

**CITY OF WILMINGTON LAW DEPARTMENT**

/s/ Andrea J.F. Rhen
Andrea J.F. Rhen, Esq. (DE Bar Id. No. 3831)
Senior Assistant City Solicitor
City of Wilmington Law Department
800 N. French Street, 9th Floor
Wilmington, DE  19801
(302) 576-2175
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD ANDRUS,                          :
                                         :
              Plaintiff,                  :
                                         :
      v.                                 :      C.A. No. 07-486***
                                         :
CITY OF WILMINGTON; CITY OF              :
WILMINGTON POLICE DEPARTMENT;            :
CORPORAL HENRY CANNON;                   :
OFFICER CPL. CHRIS CONNELLY;             :
OFFICER MARTY STORY;                     :
OFFICER STEPHEN BROCK; and               :
OFFICER JEFFREY GLENN,                   :
                                         :
              Defendants.                 :

## <u>ORDER</u>

_____The Court, having considered Defendants' Motion to Enforce Subpoena Directed to

Connections Community Support Program ("Connections") and any opposition thereto, it is hereby

      **ORDERED** that the Motion is ***GRANTED***; and it is further

      **ORDERED** that Connections shall, no later than 30 days from the date of this Order,

disclose to Defendants' counsel any and all office records, reports, notes, writings, correspondence,

rehabilitation records, admission and discharge summaries, patient information forms and any other

information concerning Richard L. Andrus (D.O. B. 2/6/56) for the period from January 1, 2003

through December 31, 2006, including but not limited to any records related to Mr. Andrus's

transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have

Mr. Andrus admitted to the Delaware State Hospital for treatment; and it is further

**ORDERED** that Connections is deemed in contempt of court, and shall remit a monetary

sanction in the amount of $ _____ no later than _____, 2008.


_____     _____

_____                                    J.

# EXHIBIT A

# United States District Court

### FOR THE DISTRICT OF DELAWARE

**SUBPOENA IN A CIVIL CASE**

RICHARD ANDRUS,

Plaintiffs,

v.

**CASE NUMBER: 07-486\*\*\***

CITY OF WILMINGTON, CITY OF WILMINGTON
POLICE DEPARTMENT, CORPORAL HENRY CANNON,
OFFICER CPL CHRIS CONNELLY, OFFICER MARTY
STORY, OFFICER STEPHEN BROCK, and OFFICER
JEFFREY GLENN,

Defendants.

TO:    Connections Community Support Program
       Attn: Records Custodian
       500 W. 10th Street
       Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  **any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning Richard L. Andrus (D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus' transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment.**

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Wednesday, May 7, 2008, at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)          DATE :          APRIL, 8 , 2008

*Andrew J. O. Rhen*                           , Senior Assistant City Solicitor  (ATTORNEY FOR DEFENDANTS)

ISSUING OFFICER'S NAME , ADDRESS AND PHONE NUMBER

Andrea J. F. Rhen, Senior Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th Floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D  on Reverse)

SUBPOENA.USD

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON  (PRINT NAME) | MANNER OF SERVICE | |
| SERVED ON  (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                                    SIGNATURE OF SERVER

                                                                            _____
                                                                            ADDRESSS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or

expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

# City of Wilmington
## Delaware

JAMES M. BAKER
MAYOR



LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

April 8, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

      RE:    *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
            Patient Name: Richard L. Andrus
            Date of Birth - February 6, 1956

Dear Sir/Madam:

      Please be advised that this office is involved in litigation concerning the above-named patient.

      It is our understanding that you have had occasion to render treatment and evaluation for this patient. To that end, we are requesting that you forward to us, as soon as possible, a complete copy of your records relating to this individual, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. Please include any correspondence, letters and records of phone calls and phone conferences. I DO NOT NEED A WRITTEN REPORT FROM YOU.

      Enclosed is a copy of a medical authorization pursuant to which Mr. Andrus has consented to the release of the requested information.

      Please be assured that any fees incurred in the preparation of these materials will be forwarded to your office.

      Thank you for your anticipated cooperation.

                              Very truly yours,

                              Andrea J. E. Rhen
                              Senior Assistant City Solicitor

Enclosure

## AUTHORIZATION TO INSPECT AND
## COPY MEDICAL RECORDS AND REPORTS

TO WHOM IT MAY CONCERN:

I, _RICHARD ANDRUS_ , hereby authorize any physician or other person who has

attended or examined or treated me or who may hereafter attend, examine or treat me, or any

hospital, medical office, prison or other facility in which I have been treated or examined or in which

I may hereafter be treated or examined, to disclose and provide hard copies of any and all

information which may be contained in records, notes or reports which pertain to my physical or

mental condition to the office of the City Solicitor of the City of Wilmington at 800 N. French Street,

9th Floor, Wilmington, DE 19801.  A photostatic copy of this authorization shall be considered as

true and valid as the original.


_Richard Andrus_
Signature

_RICHARD ANDRUS_
Print Name

_2/6/56_
Date of Birth

_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_
Social Security Number


WITNESSETH:

_Audrey J. Andrus_

DATE: _3/14/08_

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

RICHARD ANDRUS,                              )
                                             )
          Plaintiff,                         )
                                             )        C.A. No.    — 0 7 — 4 8 6 —
v.                                           )
                                             )
CITY OF WILMINGTON; CITY OF                  )
WILMINGTON POLICE DEPARTMENT;                )
CORPORAL HENRY CANNON, individually, and )
As agent of the CITY OF WILMINGTON           )
POLICE DEPARTMENT; OFFICER CPL CHRIS )
CONNELLY, individually, and as agent of the  )
CITY OF WILMINGTON POLICE                    )
DEPARTMENT; OFFICER MARTY STORY,             )
individually, and as agent of the            )
CITY OF WILMINGTON POLICE                    )
DEPARTMENT, OFFICER STEPHEN BROCK,           )
Individually and as agent of the CITY OF     )
WILMINGTON POLICE DEPARTMENT,                )
and OFFICER JEFFREY GLENN, individually      )
and as agent of the CITY OF WILMINGTON       )
POLICE DEPARTMENT                            )
                                             )
          Defendants.                        )        JURY TRIAL DEMANDED

## COMPLAINT

NOW COME the Plaintiff, Richard Andrus, by and through his attorney, Michael W.

Modica, and complains of the Defendants, City of Wilmington; City of Wilmington Police

Department; Officer Cpl. Henry Cannon, individually and as agent of the City of Wilmington

Police Department Officer Cpl. Chris Connelly, individually and as agent of the City of

Wilmington Police Department; Officer Marty Story, individually and as agent of the City of

Wilmington Police Department; Officer Stephen Brock, individually and as agent for the City of

Wilmington Police Department, and Officer Jeffrey Glenn, individually and as agent for the City

of Wilmington Police Department as follows:

1. The claims set forth herein arise and are instituted pursuant to 42 U.S.C. §1983 to redress
   the deprivation by the defendants, acting under color of state law, of rights, privileges and
   immunities secured to the plaintiffs by the Fourth and Fourteenth Amendments to the
   Constitution of the United States.

## **PARTIES**

2. Plaintiff, Richard Andrus, is an adult citizen of the United States of America and a resident
   of the State of Delaware.

3. Defendant, City of Wilmington is, and at all relevant times was, a municipal corporation,
   organized and existing under the laws of the State of Delaware and is engaged in the
   operation of a law enforcement agency known as the City of Wilmington Police
   Department. Defendant City of Wilmington, by and through the City of Wilmington Police
   Department, is under a duty to run its policing activities in a lawful manner so as to preserve
   to its citizens the rights, privileges, and immunities guaranteed and secured to them by the
   constitutions and laws of the United States and the State of Delaware.

4. Cpl. Henry Cannon is a member of the City of Wilmington Police Department, and upon
   information and belief is an adult citizen of the United States and a resident of the State of
   Delaware. At all times relevant, Defendant Cpl. Henry Cannon was acting under color of
   law and within the scope of his employment as an agent, servant, and/or employee of the
   City of Wilmington.

5. Cpl Chris Connelly is a member of the City of Wilmington Police Department, and upon
   information and belief is an adult citizen of the United States and a resident of the State of
   Delaware. At all times relevant, Defendant Cpl. Chris Connelly was acting under color of
   law and within the scope of his employment as an agent, servant, and/or employee of the

City of Wilmington.

6. Officer Marty Story is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Officer Marty Story was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

7. Officer Stephen Brock is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Officer Stephen Brock was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

8. Officer Jeffrey Glenn is a member of the City of Wilmington Police Department, and upon information and belief is an adult citizen of the United States and a resident of the State of Delaware. At all times relevant, Defendant Officer Jeffrey Glenn was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the City of Wilmington.

## JURISDICTION AND VENUE

9. This is an action brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 and 28 U.S.C. §1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, and §1393 in that all Defendants are residents of this district and all acts or omissions which give rise to this

cause of action occurred in this District.

## FACTS

11.  At all times relevant hereto, Richard Andrus was diagnosed with and suffered from schizo-affective disorder and other mental illnesses and has received psychiatric treatment related to his mental illness from Connections located at 500 West 10th Street, Wilmington, DE 19802. Connections is an out-patient mental health facility.

12.  Due to his mental illness, Richard Andrus has required constant mental health treatment and medication.

13.  On August 8, 2005 Audrey Andrus brought Richard Andrus to Connections for treatment. The staff at Connections determined that Richard Andrus needed to be transferred to the Delaware State Hospital for further in-patient treatment. The medical staff at Connections executed Civil Commitment paperwork to have Andrus admitted to the Delaware State Hospital for treatment.

14.  In order to transfer Mr. Andrus from Connections to the Delaware State Hospital, the Connections' staff followed its protocol and contacted the City of Wilmington Police Department to assist in the transfer.

15.  In response to the transfer request from Connections, Officers Connelly and Story of the Wilmington Police Department arrived at Connections to escort Richard Andrus to the Delaware State Hospital.

16.  Richard Andrus expressed that he did not want to go to the Delaware State Hospital and refused to leave his vehicle.

17.  Officers Connelly and Story unsuccessfully attempted to physically extricate Andrus from the vehicle.

18.   The officers then called for backup to assist in the transfer.

19.   Shortly thereafter Officers Cannon, Brock, and Glenn arrived at Connections to assist with the transfer of Andrus.

20.   The officers made several unsuccessful attempts to physically remove Andrus from his vehicle, including spraying him with pepper spray in the face, and kicking and punching him.

21.   When Andrus continued to refuse to leave the vehicle Officer Connelly physically assaulted Andrus, including striking Andrus in the head with an asp baton. At the same time, the other defendants assaulted Andrus by striking him about his head and body.

22.   Eventually, the officers physically removed Andrus from the car, proceeded to strike him about his face and body, contorted his arms in a painful position during the course of placing handcuffs, and placed him on the ground with excessive and unnecessary force, all of which caused Plaintiff to suffer painful injuries.

23.   The City of Wilmington police officers named above used grossly excessive and unnecessary force in placing a fragile, mentally ill Richard Andrus in custody and transferring him from Connections to the Delaware State Hospital. All defendants herein named engaged in applying excessive and unnecessary force against the Plaintiff, or assisted other officers in applying unnecessary force, or ratified the use of unnecessary force by their inaction in stopping its use against Andrus.

24.   As a result of the willful, wanton and malicious assault and battery, all of which was excessive and unnecessary at the hands of the City of Wilmington police officers, Mr. Andrus sustained serious and painful physical injury including, but not limited to, a fracture in the right superior facet of C-6 of his cervical spine, concussion, scalp laceration, head and

face contusions.

25.    Mr. Anderson's beating at the hands of the Wilmington police officers also exacerbated his pre-existing mental illness.

## COUNT I: 42 U.S.C. §1983 USE OF EXCESSIVE FORCE (OFFICER JOHN DOE #1 AND OFFICER JOHN DOE #2)

26.   Plaintiff realleges and incorporates paragraphs one through 25 above as fully set forth herein.

27.   Defendants Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn intentionally, or with deliberate indifference and callous disregard of Plaintiff's constitutional rights, used unreasonable and excessive force under the color of state law during the arrest and/or detention of the Plaintiff in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 USC §1983. Plaintiff specifically alleges that there was an unreasonable detention and/or seizure of his person, and illegal and unconstitutional use of excessive force and also a deprivation of liberty without due process, all in violation of 42 USC §1983 and the constitutional provisions set forth herein. Defendants' willful and malicious violation of Plaintiff's constitutional rights was the direct and proximate cause of Plaintiff's injuries and damages as set forth herein.

WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

## COUNT II

28.   Plaintiff realleges paragraphs 1 through 27 and hereby incorporate them as though fully set forth herein.

29.   Defendant Henry Cannon, Marty Story, Stephen Brock, and Jeffrey Glenn unlawfully,

intentionally, recklessly and with malicious intent, assaulted Plaintiff in an attempt to do violence to Plaintiff. Defendant unlawfully committed such violence by intentionally and maliciously assaulting the Plaintiff proximately causing the physical injuries referenced to herein.

WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

## COUNT III

30.    Plaintiff realleges paragraphs 1 through 29 and hereby incorporates them as though fully set forth herein.

31.    Defendants acts were grossly negligent, willful, and/or, wanton proximately causing plaintiff's injuries in the following respects:

    a) Using force against a mental patient, including punching, kicking, spraying with pepper spray and striking with an asp baton represents an extreme and outrageous departure from the ordinary standard of care.

    b) Using force against a mental patient reflects a conscious indifference to the safety of the Plaintiff.

    c) Detaining/arresting the Plaintiff who had not committed a criminal offense and for whom there was no probable cause.

32.    As a direct and proximate result of Defendants' willful and/or wanton conduct, Plaintiff has suffered the injuries and damages as set forth herein.

WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive damages

all costs, fees, and expenses, including attorney's fees, interest and such other relief as deemed appropriate.

### COUNT IV: 42 U.S.C. §1983 (CITY OF WILMINGTON AND
### CITY OF WILMINGTON POLICE DEPARTMENT)

33.    Plaintiff realleges the foregoing paragraphs and 1 through 32 as fully set forth herein.

34.    Defendant City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers violating the federal constitutional rights of the public at large, including plaintiffs.

35.    Defendants City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, had in place at the time of the incident one or more of the following policies, practices or customs, which was a proximate cause of plaintiff's injuries:

    a)    A failure to adequately trained and educate their officers in the proper procedures to employ when interacting with citizens;

    b)    The failure to adequately train and educate their officers and the proper procedures to employ when interacting with mentally ill citizens;

    c)    The failure to adequately train and educate their officers in the proper use of force the citizens;

    d)    A failure to adequately train and educate their officers and the proper use of force to subdue mentally ill citizens;

    e)    A failure to adequately train and educate their officers as to how to respond when a fellow officer uses unjustifiable excessive force on a mentally ill citizens;

    f)    A failure to discipline their officers with respect to violations of the laws of the State of Delaware, the Constitution of the United States, interim policies regarding the use of force; and

g)  A failure to adequately investigate citizens complaints, officer misconduct, in compliance with policy, creating an atmosphere where officers routinely violate policy and violate constitutional rights of the public at large, including plaintiffs.

36.    Defendant City of Wilmington and City of Wilmington Police Department, in engaging in and/or tolerating one or more of the foregoing policies, practices or customs, acted with deliberate indifference to, and in reckless disregard of the welfare and rights of the public at large, including plaintiffs.

37.    The foregoing to actions of defendants Henry Cannon, Chris Connelly, Marty Story, Stephen Brock, and Jeffrey Glenn were directly and proximately caused by the aforementioned policies, practices and customs of the defendants city of Wilmington and city of Wilmington Police Department.

38.    The conduct of defendant City of Wilmington and City of Wilmington Police Department was reckless, willful, wanton, oppressive and grossly negligent, entitling plaintiffs to punitive damages.

39.    As a direct and proximate result of the said conduct of defendant City of Wilmington and City of Wilmington Police Department, plaintiff Richard Andrus has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

40.    As a direct and proximate result of said conduct of defendants City of Wilmington and City of Wilmington Police Department, plaintiff Alice Walker has been injured in has suffered a loss of Richard Andrus' society, companionship and affection.

## DAMAGES

41.   Plaintiff realleges paragraphs one through 40 as though fully set forth herein.

42.   The direct and proximate result of the aforementioned acts and/or omissions of the

defendants, plaintiffs were injured.  The damages for which plaintiffs seek compensation

from defendants, the jointly and severally, including, but are not limited to, the following:

   a)   The physical mental and emotional pain of Richard Andrus the past and future;

   b)   Medical expenses incurred and to be incurred in the future;

   c)   Pre and post-judgment interest;

   d)   Statutory and discretionary costs;

   e)   Punitive damages;

   f)   Attorney's fees;

   g)   All other relief this court deems just and proper.


   WHEREFORE Plaintiff seeks judgment against defendants, Henry Cannon, Chris Connelly,

Marty Story, Stephen Brock, and Jeffrey Glenn for compensatory, special, and punitive

damages all costs, fees, and expenses, including attorney's fees, interest and such other relief as

deemed appropriate.

MICHAEL W. MODICA, Esquire
Bar ID No. 2169
715 King Street, Suite 300
P.O. Box 437
Wilmington, DE  19899
(302) 425-3600
Attorney for Plaintiff

# EXHIBIT D

MAR 2 4 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD ANDRUS,                    :
                                   :
      Plaintiff,                :
                                   :
    v.                             :          C.A. No. 07-486***
                                   :
CITY OF WILMINGTON; CITY OF        :
WILMINGTON POLICE DEPARTMENT; :
CORPORAL HENRY CANNON;             :
OFFICER CPL. CHRIS CONNELLY;       :
OFFICER MARTY STORY;               :
OFFICER STEPHEN BROCK; and         :
OFFICER JEFFREY GLENN,             :
                                   :
      Defendants.               :

**PLAINTIFF'S ANSWERS TO FIRST INTERROGATORIES**

    1. State in detail the reason why Audrey Andrus brought Plaintiff Richard Andrus to Connections for treatment on August 8, 2005.

ANSWER: Plaintiff had scheduled an appointment with Dr. Hasan on that morning. According to Ms. Andrus, Plaintiff had stopped taking his medication, and was becoming more withdrawn and paranoid.

    2.     Give the names and last known addresses of all persons who were present at

Connections during the events described in Paragraphs 13-31 of the Complaint, noting

specifically those who were eye-witnesses.

ANSWER:  To the best of plaintiff's knowledge and belief, the following individuals were present at Connections at the time of this incident. In addition to the parties, Audrey Andrus, David Lynch, (Connections employee) and Robin Redman (former Connections employee) were eyewitnesses to the events herein. Dr. Fawzia Hasan treated Plaintiff at Connections. John Barnas and Kelli Leach, paramedics for New Castle County EMS, responded to the scene and transported Plaintiff to the Emergency Room. Anyone who was employed with Connections may have been present at that location on the date in question.

3.    Identify the names and addresses of all medical providers who treated Plaintiff for

the alleged injuries described in Paragraphs 24 and 25 of the Complaint.

ANSWER: Plaintiff was treated at the Emergency Room for the Christiana Hospital. He was later treated at the Rockford Center. He was then treated at the Delaware State Hospital. At Christiana Hospital, Plaintiff was treated by a variety of physicians and hospital staff, including Dr. Ross Megargel and Dr. Michael Sugarman.  At Rockford, he was treated by Dr. Faber Yacoub. The medical records provided in connection with this discovery request provide the identity of all individuals who provided treatment to the plaintiff. Plaintiff has provided a signed medical authorization form to allow Defendants to obtain all of him medical records to supplement his response to this interrogatory.

4.    Identify the names and addresses of all medical providers who treated Plaintiff for

his mental illnesses that are described in the Complaint.

ANSWER:  To the best of Plaintiff's knowledge and belief, he received treatment from the following providers for mental health related issues:

a. Christiana Hospital (July 5, 1996 and 8-9-2005);
b. Kirkwood Detox (July 5, 1996);
c. Attended NET counseling for substance abuse at 817 West Street, Wilmington Delaware in August, 1996.
d. Attended PSI at 5207 Woodmill Drive, Suite 34, Wilmington, DE 19808 from 1997 through 2003. Treated with Dr. Ed Stanchi.
e. Treated at Northeast treatment center (2 –19 –97 through 2 –26 –97).
f. Treated at Connections, 500 West 10th Street, Wilmington, DE 19801, between 2003 through 2008. Initially treated by Dr. Hasan.  Currently treated by Dr. Hauser.
g Treated at the Delaware State Hospital on various dates.
h. Treated at Rockford Center on 2-19-97 and 8-9-2005 through 8-23-2005.
i. Meadowood Hospital- unknown dates of treatment.

5.    State the name and address of each person or organization by which Mr. Andrus

was employed within ten years before August 8, 2005, or, if none, then the name

and address of his last employer at any time before August 8, 2005, and as to each

state:

(a)    The inclusive dates of employment;

      (b)     A specific description of the work Mr. Andrus performed;

      (c)     Mr. Andrus's rate of pay.

<u>ANSWER</u>: Plaintiff's earnings history provided by the Social Security Administration is provided as part of his response to discovery. The earnings history shows that he had no earnings from 1992 through the present except for earnings in 1993 and 1998. (Plaintiff is not making a wage loss claim).

6.     Please describe the general state of Mr. Andrus's physical and mental health and/or condition just prior to August 8, 2005, specifying any physical or mental disability suffered by Mr. Andrus at that time.

<u>ANSWER</u>: He was diagnosed with Schizoeffective Disorder and Depression, and was taking medication for these disorders. Plaintiff's mental health status is documented in the medical records provided with his response to discovery requests.

7.     Has Mr. Andrus ever entered or been committed to any institution, whether public or private, for the treatment or observation of medical conditions, mental illness, alcoholism, narcotic addiction or disorders of any kind <u>prior to August 8, 2005</u>, and if so, state:

      (a)     The name and address of such institution;

      (b)     The length of Mr. Andrus's stay and the dates thereof;

      (c)     The purpose or reason for Mr. Andrus's entry to such institution;

      (d)     The name and address of the doctor treating Mr. Andrus for such condition.

ANSWER: See response to interrogatory 4. plaintiff is unsure of the exact dates of treatment and names of treating physicians and/or the precise reason for entry to the

institution. Plaintiff has provided a signed authorization form to enable

defendants to obtain his complete records from each institution in order to

answer the questions raised in this interrogatory.

8. Give the names and last known addresses of the persons, other than those listed in

your answer to Interrogatory No. 2 above, who have knowledge of facts alleged in the pleadings.

ANSWER: Chris Gula and Tia Jackson (Connections employees). Medical personnel at Christiana hospital and Rockford Center were provided with alleged background of this incident by law enforcement which is contained in plaintiff's medical records .Moreover, Plaintiff is currently pending criminal charges in the Court of Common Pleas pertaining to this incident. Dan McBride is the prosecutor assigned to this case.

9. With respect to any persons who have been interviewed on Mr. Andrus's behalf in

regard to the facts alleged in the pleadings, please state:

    (a)    The names and last known addresses of the persons interviewed;

    (b)    The date of each such interview;

    (c)    Whether a signed or unsigned statement or a recorded interview was

        obtained from each interviewee, or a written or typed resume whether in

        the form of a memorandum, letter or report, of each such interview was

        prepared, and, if so, the names and last known addresses of the persons

        who presently have possession, custody or control of the originals and all

        copies of such statements, recorded interviews or resumes.

ANSWER: a-b) Plaintiff's counsel spoke to David Lynch and Robin Redman at the New Castle County Courthouse at Plaintiff's original trial date pertaining to his criminal charges. (2006). Counsel spoke to David Lynch by telephone in early March, 2008.
c) None, although Audrey Andrus has provided counsel with a summary of her observations which is being provided in response to this discovery request.

10.    State in detail the injuries, illnesses, complaints, or diseases Mr. Andrus claims to have sustained as a result of the incidents alleged in the Complaint.  If Plaintiff is claiming aggravation of pre-existing injuries, please state the following:

(a)    The names, last known addresses, and telephone numbers of all doctors or medical personnel who have examined or treated Mr. Andrus for the aggravation of any pre-existing injuries which are claimed;

(b)    The names, last known addresses, and telephone numbers of all medical institutions to which Mr. Andrus has been admitted or in which he has been treated for the alleged aggravation of pre-existing injuries;

(c)    The nature of the aggravation of the pre-existing injuries;

(d)    The dates of treatment for the alleged aggravation of pre-existing injuries;

(e)    The outcome of the treatment of the alleged aggravation of the pre-existing injuries.

ANSWER : Plaintiff suffered the following injuries which were not pre-existing:
1.   Small avulsion fracture through the Superior facet of C-6;
2.   Concussion;
3.   Scalp laceration;
4.   Facial lacerations and contusions;
5.   Multiple bodily contusions;
 Defendants are referred to plaintiff's medical records for additional details regarding the injuries that he suffered as a result of this incident

11.    Please list all medicine purchased or used by Mr. Andrus in connection with the treatment of the injuries, conditions, and/or aggravations of pre-existing injuries or conditions identified in Plaintiff's response to Interrogatory No. 10 above, specifying the cost of such medicine, the store from which it was purchased, the name of such medication, the prescription

**ANSWER: None, other than pain medications provided by his medical providers. Upon information and belief, all expenses for medical treatment resulting from this incident were submitted to and paid by Medicaid.**

12.     State specifically all expenses which have been incurred with regard to the treatment of the injuries alleged in the Complaint (other than the expenses for medicine listed in Plaintiff's response to Interrogatory No. 11 above), identifying the person, entity or medical institution with whom each expense was incurred; the date each expense was incurred; the amount of each expense; and the nature of the treatment or services for which each expense was incurred.

**ANSWER: Plaintiff does not have possession of any of the information requested in this interrogatory as he believes that all medical bills were submitted directly to and paid by Medicaid.**

13.     State the name and present or last known address of each person whom you expect to call as an expert witness at the trial of this lawsuit (including all medical personnel), and, as to each person named, state:

      (a)     The dates of initial employment;

      (b)     The date or dates of any reports, letters, or other documents prepared by such

           person with respect to the present case, a brief description of each such document, and the names and addresses of the persons having copies of such documents;

(c)     Whether such expert also rendered any service in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the incidents alleged in the Complaint);

(d)     The field in which the witness is an expert and a description of the witness' expertise therein;

(e)     The subject matter on which the witness is expected to testify;

(f)     The substance of the facts to which the witness is expected to testify;

(g)     The substance of the opinions to which the witness is expected to testify;

(h)     A summary of the grounds for each of the witness's opinions.


ANSWER: Plaintiff expects to call:
1. Dr. Michael Sugarman to testify as to his diagnosis and treatment for injuries sustained on August 8, 2005, including causation due to trauma. He will testify consistent with opinions he issued in medical records which have been provided to the defendants.
2. Dr. Ross Megargel, D.O. to testify consistent with her diagnosis and causation in the supervisory note dated August 8, 2005 which has been provided to defendants.
3. Dr. Fawzia Hasan to testify regarding her diagnosis and treatment of Plaintiff's mental and psychological condition.


14.     State the name and present or last known address of each person who has been consulted as an expert (including all medical personnel) in anticipation of litigation or preparation for trial, whether or not that person is expected to be called as a witness by you at trial, and as to each such person, state:

(a)     The dates of initial employment;

     (b)      The date or dates of any reports, letters, or other documents prepared by such person with respect to the present case, a brief description of each such document, and the names and addresses of the persons having copies of such documents;

     (c)      Whether such expert also rendered any service in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the incidents alleged in the Complaint);

     (d)      The field in which the person is an expert and a description of the person's expertise therein; and

     (e)      The subject matter on which the person was consulted.

**ANSWER:** None.

15.    Insofar as the Plaintiff will call upon any physician or other person trained in the healing arts to testify as an expert and insofar as such person will testify to any past or present temporary or permanent disability or injury of any kind whatsoever, give the name and address of such person and, as to each such person named, state:

     (a)      The name of the specific specialty of treatment of such person;

     (b)      The dates of examination of the Plaintiff by such person;

     (c)      A specific description of the exact extent and nature of such permanent disability, if it is permanent, or the extent of the disability during the duration of the temporary disability;

     (d)      A specific and exact explanation of the cause of the disability using the

technical and precise designation of the medical aspects of the determination of the disability as such terms are customarily used in the special field of expertise of such expert and would serve to fully and precisely describe the disability and its nature and cause.

ANSWER: None at this time.

16.     If Plaintiff claims any loss of income or earning power, either in the past, at present, or in the future, due to the injuries he allegedly sustained as a result of the incidents described in the Complaint, please state:

(a)     The amount of income Plaintiff claims to have lost as a result of such injuries or the total dollar value of the earning power he claims to have lost as a result of such injuries, and identify specifically whether the claim is for loss of income or for loss of earning power;

(b)     The specific inclusive dates when Plaintiff claims to have been wholly unable to work as a result of his alleged injuries and the reason why he was unable to work on such dates;

(c)     The specific inclusive dates when Plaintiff was partially unable to work as a result of his alleged injuries and the reason why he was partially unable to work on such dates;

(d)     Specific description of the type or types of work Plaintiff would have been performing or would have been able to perform during the period stated in the answer to the

previous two subquestions of this interrogatory and the reason(s) he was unable to perform that work;

(e)     The rate of income which Plaintiff would have been able to receive except for his alleged injuries (as, for instance, $1.00 per hour, $50.00 per week, etc.);

(f)     If Plaintiff claims that he would have been employed during the periods of his disability, the name, address, and telephone number of the person or organization which would have been his employer during the time when he claims to have lost income;

(g)     If Plaintiff claims loss of earning power instead of loss of earnings, the name, address, and telephone number of the persons or organizations by whom he could have been employed during the period when he claims to have sustained a loss of earning power;

(h)     If Plaintiff claims that he would have been or could have been self-employed during the period of his disability, state the type of work in which Plaintiff would have been or could have been involved and the amount of money he claims he would have earned during that period of his disability.

ANSWER: None.


17.     If Plaintiff is claiming loss of income or earning power, furnish the following information concerning his total earnings during the five years preceding the incidents alleged in the Complaint;

(a)     The name, last known address, and telephone number of each employer during that period;

(b)     The nature of the job held with each employer;

(c)     The dates of employment with each employer;

(d)     The lowest salary or wage received and the highest salary or wage received;

(e)     The total income from employment with each of the employers named;

(f)     The total income from employment in each of the five years.

ANSWER: None.

18.     Insofar as you intend to introduce in evidence any expert testimony concerning past or future loss of income or earning power or the present value of a sum of money concerning a future loss of expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state:

(a)     A specific description of the losses for which such calculations are being made (as, for instance, present value of the loss of future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.);

(b)     The undiscounted amount of such loss;

(c)     The present value of the dollar amount of such loss;

(d)     The discount rate applied by such person to determine present value;

(e)     The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;

(f)     Insofar as such person estimates a growth of future income on an annual

or other basis at a projected rate of income greater than the income earned by the plaintiff when last employed, state the growth rate for such income as estimated by such person, the opinions and facts on which that estimate is based and specify the publication, chart, text or study from which such opinion is drawn with sufficient specificity to permit its identification and location by the Defendants;

(g)    Identify specifically each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material on which such person bases his opinion or draws the facts on which he relies;

(h)    Insofar as the person has relied upon information secured from any text, publication, graph, chart or study other than as already designated above in reaching his conclusions, describe or designate such publication or matter in writing with sufficient specificity to permit its identification and location by the Defendants;

(i)    Describe in detail precisely the manner in which the person reached his conclusions showing the mathematical calculations involved;

(j)    Insofar as such person has prepared any report, memoranda, or any other matter in writing showing in whole or in part his conclusions or the facts on which such conclusions were based, state the date of such writing and the names and addresses of persons having copies of it.

ANSWER: None.

19.    Give the names and last known addresses of all medical institutions to which
Plaintiff has been admitted for the injuries alleged in the Complaint, together with
the dates of admissions to and release from such institutions.

ANSWER: Admitted to Christiana Hospital on August 8, 2005. (See medical records provided).
Admitted to Rockford Center on August 9, 2005 and discharged on August 23, 2005. (See
medical records provided). Also, admitted to Delaware State Hospital in August 2005.

20.    State whether Plaintiff is still under the care of a physician, surgeon or other
medical

personnel, and if so, state his/her name and address and describe the nature of the care Plaintiff is
presently receiving.

ANSWER: Plaintiff is not under the care of a physician for physical injuries sustained as a result
of this claim although he is still receiving treatment for his mental health issues.

21.    If Plaintiff is no longer under the care of a physician, surgeon or other medical
personnel, give the date on which Plaintiff was last treated or examined and the name and
address of the person providing such examination or treatment.

ANSWER: Plaintiff was last treated for his physical injuries after a follow up appointment with
Dr. Dennis Witmer at the Christiana Hospital approximately 2 weeks following his discharge
from the Christiana Hospital.

22.     If Plaintiff has fully recovered from any of the injuries, illnesses, complaints, discomforts or diseases which he claims resulted directly or indirectly from the events described in the Complaint, please disclose such injuries, illnesses, complaints, discomforts or diseases from which he has recovered and, as to each, state the date of such recovery.

ANSWER. Plaintiff has recovered from his physical injuries.

23.     If Plaintiff has not fully recovered from all of the injuries, illnesses, complaints or diseases allegedly sustained from the events upon which the Complaint is based, state in what respect he has not fully recovered.

ANSWER Plaintiff suffers post traumatic stress, anxiety and fear.

24.     State whether or not x-rays, myelograms, electrocardiograms, E.M.G.'s, M.R.I.'s or other diagnostic tests were taken or performed in connection with any alleged injuries received. If so, state as to each:

        (a)     What diagnostic test was taken;

        (b)     When it was taken;

        (c)     Where it was taken;

        (d)     The names, last known addresses, and telephone numbers of the persons by whom the tests were taken; and

        (e)     The names, last known addresses and telephone number of the persons in whose custody the results of the tests are now held.

- 14 -

ANSWER: See medical records which have been provided.

      25.     State whether Plaintiff is willing to execute a written authorization to inspect the records of hospitals and doctors who have rendered any medical treatment for the injuries allegedly resulting from the incidents described in the Complaint. If the answer to this question is yes, please have Plaintiff execute the attached authorization and return it with his answers to these interrogatories.

ANSWER: Provided herein.

Michael W. Modica, Esq.
Bar ID No. 2169
715 N. King Street, Suite 300
PO Box 437
Wilmington, DE 19899
(302) 425-3600
Attorney for Plaintiff

Date:

- 15 -

# EXHIBIT E



**JAMES M. BAKER**
MAYOR

# City of Wilmington
## Delaware

**LOUIS L. REDDING - CITY/COUNTY BUILDING**
**800 FRENCH STREET**
**WILMINGTON, DELAWARE**
**19801 - 3537**

**Law Department**
**(302) 576-2175**

July 7, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

> RE:  *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
> Patient Name: Richard L. Andrus
> Date of Birth - February 6, 1956

Dear Sir/Madam:

On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Copies of those documents are enclosed.

Your office recently provided records regarding Mr. Andrus's treatment and evaluation at Connections from 2006 through 2008 in response to the subpoena. However, no records were produced regarding Mr. Andrus's treatment or evaluation at Connections on August 8, 2005 in particular or during the years prior to 2006. This lawsuit arises from an incident that allegedly occurred at Connections on August 8, 2005. In addition, Mr. Andrus has indicated in his discovery responses in this lawsuit that he has been receiving treatment at Connections for mental health related issues since 2003. Therefore, we have reason to believe that you are in possession of documents relating to Mr. Andrus for the period from 2003 to 2006. If you no longer have any records relating to Mr. Andrus's treatment at Connections prior to 2006 in your possession, custody or control, please advise this office of such in writing.

If I do not receive the requested information or written confirmation that you no longer retain any records relating to Mr. Andrus for the period prior to 2006 by Monday, July 21, 2008, I will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

Very truly yours,

Andrea J. F. Rhen
Senior Assistant City Solicitor

Enclosures

## City of Wilmington
### Delaware

JAMES M. BAKER
MAYOR



LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

June 3, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

      RE:    *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
            Patient Name: Richard L. Andrus
            Date of Birth - February 6, 1956

Dear Sir/Madam:

      On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Your response to the subpoena was due on May 7, 2008. However, to date, I have not received any of the requested information.

      If I do not receive your response to the subpoena in this office by Tuesday, June 24, 2008, I will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

                            Very truly yours,

                            Andrea J. O. Rhen

                            Andrea J. F. Rhen
                            Senior Assistant City Solicitor

Enclosure

**City of Wilmington**

**JAMES M. BAKER**
MAYOR

**Delaware**



**LOUIS L. REDDING - CITY/COUNTY BUILDING**
**800 FRENCH STREET**
**WILMINGTON, DELAWARE**
**19801 - 3537**

**Law Department**
**(302) 576-2175**

April 8, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

> RE: *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
> Patient Name: Richard L. Andrus
> Date of Birth - February 6, 1956

Dear Sir/Madam:

Please be advised that this office is involved in litigation concerning the above-named patient.

It is our understanding that you have had occasion to render treatment and evaluation for this patient. To that end, we are requesting that you forward to us, as soon as possible, a complete copy of your records relating to this individual, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. Please include any correspondence, letters and records of phone calls and phone conferences. I DO NOT NEED A WRITTEN REPORT FROM YOU.

Enclosed is a copy of a medical authorization pursuant to which Mr. Andrus has consented to the release of the requested information.

Please be assured that any fees incurred in the preparation of these materials will be forwarded to your office.

Thank you for your anticipated cooperation.

Very truly yours,

Andrea J. E. Rhen
Senior Assistant City Solicitor

Enclosure

## AUTHORIZATION TO INSPECT AND
## COPY MEDICAL RECORDS AND REPORTS

TO WHOM IT MAY CONCERN:

I, _RICHARD ANDRUS_ , hereby authorize any physician or other person who has

attended or examined or treated me or who may hereafter attend, examine or treat me, or any

hospital, medical office, prison or other facility in which I have been treated or examined or in which

I may hereafter be treated or examined, to disclose and provide hard copies of any and all

information which may be contained in records, notes or reports which pertain to my physical or

mental condition to the office of the City Solicitor of the City of Wilmington at 800 N. French Street,

9th Floor, Wilmington, DE 19801.  A photostatic copy of this authorization shall be considered as

true and valid as the original.


_Richard Andrus_
Signature

_RICHARD ANDRUS_
Print Name

_2/6/56_
Date of Birth

_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_
Social Security Number

WITNESSETH:

_Audrey J. Andrus_

DATE: _3/14/08_

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

### FOR THE DISTRICT OF DELAWARE

**RICHARD ANDRUS,**

**SUBPOENA IN A CIVIL CASE**

Plaintiffs,

v.

**CASE NUMBER: 07-486***

**CITY OF WILMINGTON, CITY OF WILMINGTON POLICE DEPARTMENT, CORPORAL HENRY CANNON, OFFICER CPL CHRIS CONNELLY, OFFICER MARTY STORY, OFFICER STEPHEN BROCK, and OFFICER JEFFREY GLENN,**

### Defendants.

TO:    Connections Community Support Program
         Attn: Records Custodian
         500 W. 10th Street
         Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning <u>Richard L. Andrus</u> (D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus' transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment.**

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Wednesday, May 7, 2008, at 10:00 a.m. |

□  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE :    APRIL, 8 , 2008
*Andrea J. O. Rhen*    , Senior Assistant City Solicitor  (ATTORNEY FOR DEFENDANTS)

ISSUING OFFICER'S NAME , ADDRESS AND PHONE NUMBER

Andrea J. F. Rhen, Senior Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th Floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D  on Reverse)

SUBPOENA.USD

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESSS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or

expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT F**

# United States District Court

### FOR THE DISTRICT OF DELAWARE

**SUBPOENA IN A CIVIL CASE**

RICHARD ANDRUS,

### Plaintiffs,

v.

**CASE NUMBER: 07-486\*\*\***

**CITY OF WILMINGTON, CITY OF WILMINGTON POLICE DEPARTMENT, CORPORAL HENRY CANNON, OFFICER CPL CHRIS CONNELLY, OFFICER MARTY STORY, OFFICER STEPHEN BROCK, and OFFICER JEFFREY GLENN,**

### Defendants.

TO:    Connections Community Support Program
        Attn: Records Custodian
        500 W. 10th Street
        Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning <u>Richard L. Andrus</u> (D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus' transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment.**

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Monday, August 18, 2008, at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE :    AUGUST 4, 2008 |
|---|---|
| *Andrea J. F. Rhen* , Senior Assistant City Solicitor (ATTORNEY FOR DEFENDANTS) | |

ISSUING OFFICER'S NAME , ADDRESS AND PHONE NUMBER

Andrea J. F. Rhen, Senior Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th Floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

SUBPOENA.USD

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON  (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED ON  (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESSS  OF  SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or

expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

(B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

      (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

      (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# City of Wilmington
## Delaware

**JAMES M. BAKER**
MAYOR

LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

August 4, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

RE:  *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
Patient Name: Richard L. Andrus
Date of Birth - February 6, 1956

Dear Sir/Madam:

On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Copies of those documents are enclosed.

Your office provided records regarding Mr. Andrus's treatment and evaluation at Connections from 2006 through 2008 in response to the subpoena. However, no records were produced regarding Mr. Andrus's treatment or evaluation at Connections during the period from 2003 through 2006.

On July 7, 2008, we sent you a letter requesting that you provide us with copies of the documents regarding Mr. Andrus's treatment at Connections during the period from 2003 to 2006, or written confirmation that you no longer retain any such documents, no later than Monday, July 21, 2008. A copy of that letter is also enclosed.

Despite our repeated efforts to obtain full compliance with the subpoena, you have not yet produced any of the requested information relating to the period from 2003 through 2006. Nor have you raised any objections to the subpoena.

Connections Community Support Program
Attn: Records Custodian
August 4, 2008
Page 2

     To ensure that you have received the subpoena, we are now re-issuing it and having it served on you by a process server. If we do not receive your response to the subpoena in this office by **Monday, August 18, 2008**, we will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

Very truly yours,

Andrea J. F. Rhen
Senior Assistant City Solicitor

Enclosures

**JAMES M. BAKER**
MAYOR

# City of Wilmington
## Delaware



**LOUIS L. REDDING - CITY/COUNTY BUILDING**
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

July 7, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

RE:  *Richard Andrus v. City of Wilmington, et al.*, D. Del. C.A. No. 07-486
Patient Name: Richard L. Andrus
Date of Birth - February 6, 1956

Dear Sir/Madam:

On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Copies of those documents are enclosed.

Your office recently provided records regarding Mr. Andrus's treatment and evaluation at Connections from 2006 through 2008 in response to the subpoena. However, no records were produced regarding Mr. Andrus's treatment or evaluation at Connections on August 8, 2005 in particular or during the years prior to 2006. This lawsuit arises from an incident that allegedly occurred at Connections on August 8, 2005. In addition, Mr. Andrus has indicated in his discovery responses in this lawsuit that he has been receiving treatment at Connections for mental health related issues since 2003. Therefore, we have reason to believe that you are in possession of documents relating to Mr. Andrus for the period from 2003 to 2006. If you no longer have any records relating to Mr. Andrus's treatment at Connections prior to 2006 in your possession, custody or control, please advise this office of such in writing.

If I do not receive the requested information or written confirmation that you no longer retain any records relating to Mr. Andrus for the period prior to 2006 by Monday, July 21, 2008, I will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

Very truly yours,

Andrea J. F. Rhen
Senior Assistant City Solicitor

Enclosures

# City of Wilmington
## Delaware

JAMES M. BAKER
MAYOR

LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537



**Law Department**
**(302) 576-2175**

June 3, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

      RE:    *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
             Patient Name: Richard L. Andrus
             Date of Birth - February 6, 1956

Dear Sir/Madam:

On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Your response to the subpoena was due on May 7, 2008. However, to date, I have not received any of the requested information.

If I do not receive your response to the subpoena in this office by Tuesday, June 24, 2008, I will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

Very truly yours,

Andrea J. F. Rhen
Senior Assistant City Solicitor

Enclosure



**City of Wilmington**

*Delaware*

JAMES M. BAKER
MAYOR

LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

April 8, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

RE:    *Richard Andrus v. City of Wilmington, et al.*, D. Del. C.A. No. 07-486
Patient Name: Richard L. Andrus
Date of Birth - February 6, 1956

Dear Sir/Madam:

Please be advised that this office is involved in litigation concerning the above-named patient.

It is our understanding that you have had occasion to render treatment and evaluation for this patient. To that end, we are requesting that you forward to us, as soon as possible, a complete copy of your records relating to this individual, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. Please include any correspondence, letters and records of phone calls and phone conferences. I DO NOT NEED A WRITTEN REPORT FROM YOU.

Enclosed is a copy of a medical authorization pursuant to which Mr. Andrus has consented to the release of the requested information.

Please be assured that any fees incurred in the preparation of these materials will be forwarded to your office.

Thank you for your anticipated cooperation.

Very truly yours,

Andrea J. E. Rhen
Senior Assistant City Solicitor

Enclosure

## AUTHORIZATION TO INSPECT AND
## COPY MEDICAL RECORDS AND REPORTS

TO WHOM IT MAY CONCERN:

I, RICHARD ANDRUS____, hereby authorize any physician or other person who has

attended or examined or treated me or who may hereafter attend, examine or treat me, or any

hospital, medical office, prison or other facility in which I have been treated or examined or in which

I may hereafter be treated or examined, to disclose and provide hard copies of any and all

information which may be contained in records, notes or reports which pertain to my physical or

mental condition to the office of the City Solicitor of the City of Wilmington at 800 N. French Street,

9th Floor, Wilmington, DE 19801. A photostatic copy of this authorization shall be considered as

true and valid as the original.


_Richard Andrus_____
Signature

RICHARD ANDRUS_____
Print Name

3/6/56_____
Date of Birth

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_____
Social Security Number


WITNESSETH:

_Audrey J. Andrus_____
DATE: 3/14/08_____

# United States District Court

## FOR THE DISTRICT OF DELAWARE

SUBPOENA IN A CIVIL CASE

**RICHARD ANDRUS,**

Plaintiffs,

v.

CASE NUMBER: 07-486***

**CITY OF WILMINGTON, CITY OF WILMINGTON POLICE DEPARTMENT, CORPORAL HENRY CANNON, OFFICER CPL CHRIS CONNELLY, OFFICER MARTY STORY, OFFICER STEPHEN BROCK, and OFFICER JEFFREY GLENN,**

Defendants.

TO:    Connections Community Support Program
       Attn: Records Custodian
       500 W. 10th Street
       Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning Richard L. Andrus (D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus' transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment.

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Wednesday, May 7, 2008, at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE: APRIL, 8 , 2008 |
|---|---|

*Andrea J. O. Rhen*
, Senior Assistant City Solicitor (ATTORNEY FOR DEFENDANTS)

ISSUING OFFICER'S NAME , ADDRESS AND PHONE NUMBER

Andrea J. F. Rhen, Senior Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th Floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

SUBPOENA.USD

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or

expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT G

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 8/5/08 | 500 W. 10TH ST.  WILMINGTON, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| CONNECTIONS COMMUNITY SUPPORT PROGRAM | ACCEPTED BY   BETTY SCOTT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BARRY EVELAND | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     8/5/08
DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE  19899-1360**
**302-475-2600**

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the part yor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsor of the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copymaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iiI) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

### FOR THE DISTRICT OF DELAWARE

**SUBPOENA IN A CIVIL CASE**

**RICHARD ANDRUS,**

### Plaintiffs,

**v.**                                         **CASE NUMBER: 07-486\*\*\***

**CITY OF WILMINGTON, CITY OF WILMINGTON POLICE DEPARTMENT, CORPORAL HENRY CANNON, OFFICER CPL CHRIS CONNELLY, OFFICER MARTY STORY, OFFICER STEPHEN BROCK, and OFFICER JEFFREY GLENN,**

### Defendants.

TO:    Connections Community Support Program
        Attn: Records Custodian
        500 W. 10th Street
        Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning <u>Richard L. Andrus</u> (D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus' transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment.**

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Monday, August 18, 2008, at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE :    AUGUST 4, 2008

*Andrea J. F. Rhen* , Senior Assistant City Solicitor  (ATTORNEY FOR DEFENDANTS)

ISSUING OFFICER'S NAME , ADDRESS AND PHONE NUMBER

Andrea J. F. Rhen, Senior Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th Floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D  on Reverse)

SUBPOENA.USD

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON  (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED ON  (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESSS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or

expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely  motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT H



# City of Wilmington
## Delaware

JAMES M. BAKER
MAYOR

LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

August 4, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

      RE:    *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
              Patient Name: Richard L. Andrus
              Date of Birth - February 6, 1956

Dear Sir/Madam:

        On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Copies of those documents are enclosed.

        Your office provided records regarding Mr. Andrus's treatment and evaluation at Connections from 2006 through 2008 in response to the subpoena. However, no records were produced regarding Mr. Andrus's treatment or evaluation at Connections during the period from 2003 through 2006.

        On July 7, 2008, we sent you a letter requesting that you provide us with copies of the documents regarding Mr. Andrus's treatment at Connections during the period from 2003 to 2006, or written confirmation that you no longer retain any such documents, no later than Monday, July 21, 2008. A copy of that letter is also enclosed.

        Despite our repeated efforts to obtain full compliance with the subpoena, you have not yet produced any of the requested information relating to the period from 2003 through 2006. Nor have you raised any objections to the subpoena.

Connections Community Support Program
Attn: Records Custodian
August 4, 2008
Page 2

      To ensure that you have received the subpoena, we are now re-issuing it and having it served on you by a process server. If we do not receive your response to the subpoena in this office by **Monday, August 18, 2008**, we will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

Very truly yours,

Andrea J. F. Rhen
Senior Assistant City Solicitor

Enclosures

# City of Wilmington
## Delaware

**JAMES M. BAKER**
MAYOR



LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

July 7, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

RE:    *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
Patient Name: Richard L. Andrus
Date of Birth - February 6, 1956

Dear Sir/Madam:

On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Copies of those documents are enclosed.

Your office recently provided records regarding Mr. Andrus's treatment and evaluation at Connections from 2006 through 2008 in response to the subpoena. However, no records were produced regarding Mr. Andrus's treatment or evaluation at Connections on August 8, 2005 in particular or during the years prior to 2006. This lawsuit arises from an incident that allegedly occurred at Connections on August 8, 2005. In addition, Mr. Andrus has indicated in his discovery responses in this lawsuit that he has been receiving treatment at Connections for mental health related issues since 2003. Therefore, we have reason to believe that you are in possession of documents relating to Mr. Andrus for the period from 2003 to 2006. If you no longer have any records relating to Mr. Andrus's treatment at Connections prior to 2006 in your possession, custody or control, please advise this office of such in writing.

If I do not receive the requested information or written confirmation that you no longer retain any records relating to Mr. Andrus for the period prior to 2006 by Monday, July 21, 2008, I will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

Very truly yours,

Andrea J. F. Rhen
Senior Assistant City Solicitor

Enclosures



### City of Wilmington
### Delaware

JAMES M. BAKER
MAYOR

LOUIS L. REDDING - CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
**(302) 576-2175**

June 3, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

RE:　*Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
　　　Patient Name: Richard L. Andrus
　　　Date of Birth - February 6, 1956

Dear Sir/Madam:

　　On April 8, 2008, this office forwarded a letter along with a subpoena requesting that your office provide a complete copy of your records relating to Richard L. Andrus, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. This office also provided you with a copy of a medical authorization pursuant to which Mr. Andrus consented to your release of the requested information. Your response to the subpoena was due on May 7, 2008. However, to date, I have not received any of the requested information.

　　If I do not receive your response to the subpoena in this office by Tuesday, June 24, 2008, I will file a motion to enforce the subpoena and for contempt in the United States District Court for the District of Delaware.

　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　Andrea J. F. Rhen
　　　　　　　　　　　　　　　　　　　　Senior Assistant City Solicitor

Enclosure

**JAMES M. BAKER**
MAYOR

# City of Wilmington
## Delaware



**LOUIS L. REDDING - CITY/COUNTY BUILDING**
**800 FRENCH STREET**
**WILMINGTON, DELAWARE**
**19801 - 3537**

**Law Department**
**(302) 576-2175**

April 8, 2008

Connections Community Support Program
Attn: Records Custodian
500 W. 10th Street
Wilmington, DE 19801

RE:   *Richard Andrus v. City of Wilmington, et al.,* D. Del. C.A. No. 07-486
      Patient Name: Richard L. Andrus
      Date of Birth - February 6, 1956

Dear Sir/Madam:

Please be advised that this office is involved in litigation concerning the above-named patient.

It is our understanding that you have had occasion to render treatment and evaluation for this patient. To that end, we are requesting that you forward to us, as soon as possible, a complete copy of your records relating to this individual, including any and all office records, reports, notes, writings, rehabilitation records, admission and discharge summaries, patient information forms, records related to Mr. Andrus's transport to or from Connections on August 8, 2005, civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment, and any other documents in your possession concerning Mr. Andrus. Please include any correspondence, letters and records of phone calls and phone conferences. I DO NOT NEED A WRITTEN REPORT FROM YOU.

Enclosed is a copy of a medical authorization pursuant to which Mr. Andrus has consented to the release of the requested information.

Please be assured that any fees incurred in the preparation of these materials will be forwarded to your office.

Thank you for your anticipated cooperation.

Very truly yours,

Andrea J. E. Rhen
Senior Assistant City Solicitor

Enclosure

## AUTHORIZATION TO INSPECT AND
## COPY MEDICAL RECORDS AND REPORTS

TO WHOM IT MAY CONCERN:

I, _RICHARD ANDRUS_ , hereby authorize any physician or other person who has

attended or examined or treated me or who may hereafter attend, examine or treat me, or any

hospital, medical office, prison or other facility in which I have been treated or examined or in which

I may hereafter be treated or examined, to disclose and provide hard copies of any and all

information which may be contained in records, notes or reports which pertain to my physical or

mental condition to the office of the City Solicitor of the City of Wilmington at 800 N. French Street,

9th Floor, Wilmington, DE 19801. A photostatic copy of this authorization shall be considered as

true and valid as the original.


_Richard Andrus_
Signature

_RICHARD ANDRUS_
Print Name

_2/6/56_
Date of Birth

_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_
Social Security Number

WITNESSETH:

_Audrey J. Andrus_

DATE: _3/14/08_

# United States District Court

### FOR THE DISTRICT OF DELAWARE

**SUBPOENA IN A CIVIL CASE**

**RICHARD ANDRUS,**

Plaintiffs,

v.

**CASE NUMBER: 07-486\*\*\***

**CITY OF WILMINGTON, CITY OF WILMINGTON
POLICE DEPARTMENT, CORPORAL HENRY CANNON,
OFFICER CPL CHRIS CONNELLY, OFFICER MARTY
STORY, OFFICER STEPHEN BROCK, and OFFICER
JEFFREY GLENN,**

Defendants.

TO:     Connections Community Support Program
        Attn: Records Custodian
        500 W. 10th Street
        Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  **any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning** <u>Richard L. Andrus</u> **(D.O. B. 2/6/56), including but not limited to any records related to Mr. Andrus' transport to or from Connections on August 8, 2005, and any civil commitment paperwork to have Mr. Andrus admitted to the Delaware State Hospital for treatment.**

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Wednesday, May 7, 2008, at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND  TITLE  (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     DATE :     APRIL, 8 , 2008

*Andrea J. Rhen*

, Senior Assistant City Solicitor  (ATTORNEY FOR DEFENDANTS)

ISSUING OFFICER'S NAME , ADDRESS AND PHONE NUMBER

Andrea J. F. Rhen, Senior Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th Floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D  on Reverse)

SUBPOENA.USD

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON  (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED ON  (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       DATE

SIGNATURE OF SERVER

ADDRESSS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or

expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely  motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a  trade secret  or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICHARD ANDRUS,                          :
                                     :
    Plaintiff,            :
                                     :
    v.                    :     C.A. No. 07-486***
                                     :
CITY OF WILMINGTON; CITY OF              :
WILMINGTON POLICE DEPARTMENT;  :
CORPORAL HENRY CANNON;                   :
OFFICER CPL. CHRIS CONNELLY;             :
OFFICER MARTY STORY;                     :
OFFICER STEPHEN BROCK; and               :
OFFICER JEFFREY GLENN,                   :
                                     :
    Defendants.          :

## CERTIFICATE OF SERVICE

    I, Andrea J. F. Rhen, Esquire, hereby certify that on this 25th day of August, 2008, I electronically filed the Defendants' Motion to Enforce Subpoena Directed to Connections Community Support Program with the Clerk of Court using CM/ECF which will send notification of such filing(s) and that this document is available for viewing and downloading from CM/ECF.

> Michael W. Modica, Esquire
> 715 King Street, Suite 300
> P.O. Box 437
> Wilmington, DE 19899

    I also sent via U.S. Mail, postage pre-paid a copy of this document to the following:

> Connections Community Support Program
> 500 W. 10[th] Street
> Wilmington, DE 19801

          /s/ Andrea J. F. Rhen , Esquire
          Andrea J. F. Rhen, Esquire (DE Bar Id. No. 3831)
          800 N. French Street, 9th Floor
          Wilmington, DE 19801
          (302) 576-2175
          Attorney for Defendants